UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF FLORIDA Gainesville DIVISION

CIVIL RIGHTS COMPLAINT FORM
TO BE USED BY PRISONERS IN ACTIONS UNDER
42 U.S.C. § 1983

LAVAROS DAVIS
INMATE # M63150
(ENTER FULL NAME OF PLAINTIFF)

VS.
SECRETARY OF FLORIDA DEPT OF CORRECTIONS
BICKY DICKS                                    CASE NO: 1:23CV11 AW/MAF
WARDEN LANE                              (TO BE ASSIGNED BY CLERK)
JANE DOE #1 COUNSELOR
JANE DOE #2
ARNP. COOK
JOHN DOE #4 ISIAH MEDICAL DOCTOR
JANE DOE #3 YOUNG
ADA COORNATOR.
OFFICER UNDERHILL
OFFICER PINNELL
OFFICER BUTCHER
JOHN DOE #5 OFFICER
JOHN DOE #6 SERGENT
OFFICER BRYANT
( ENTER NAME AND TITLE OF EACH
DEFENDANT IF ADDITIONAL SPACE
IS REQUIRED, USE THE BLANK AREA
BELOW AND DIRECTLY TO THE RIGHT )

FILED USDC FLND GU
JAN 17 '23 PM2:06

(1)

## I.    PLAINTIFF:

State your full name, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:    _Lavaros Davis_

Inmate Number    _M63150_

Prison or Jail:    _Suwannee Corrections Institution_

Mailing address:    _5964 US Highway 90_

_Live Oak, Florida 32060_

## II.    DEFENDANT(S):

State the name of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for every Defendant:

(1)    Defendant's name:    _Jane Doe #1 Mental Health Counselor_

Official position:    _Mental Health Counselor_

Employed at:    _Suwannee Corrections Institution_

Mailing address:    _5964 US Highway 90_

_Live Oak, Florida 32060_

(2)    Defendant's name:    _Jane Doe #2 Cook_

Official position:    _Mental Health ARNP_

Employed at:    _Suwannee Corrections Institution_

Mailing address:    _5964 US Highway 90_

_Live Oak, Florida 32060_

(3)    Defendant's name:    _Jane Doe #3 Young_

Official position:    _ADA Coordinator_

Employed at:    _Suwannee Corrections Institution_

Mailing address:    _5964 US Highway 90_

_Live Oak, Florida 32060_

## ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS

2

DEFENDANT(S) CONTINUAL

(4)  RICKY DICKS
     SECRETARY OF FLORIDA DEPT OF CORRECTIONS
     501 SOUTH CALHOUN STREET
     TALLAHASSEE, FLORIDA
      32399

(5)  LANE
     PRISON WARDEN
     SUWANNEE CORRECTIONS INSTITUTION
     5964 US HIGHWAY 90
     LIVE OAK, FLORIDA 32060

(6)  J. UNDERHILL
     CORRECTIONAL OFFICER
     SUWANNEE CORRECTIONS INSTITUTION
     5964 US HIGHWAY 90
     LIVE OAK, FLORIDA 32060

(7)  R. PINNELL
     CORRECTIONAL OFFICER
     SUWANNEE CORRECTIONS INSTITUTION
     5964 US HIGHWAY 90
     LIVE OAK, FLORIDA 32060

(8)  BUTCHER
     CORRECTIONAL OFFICER
     SUWANNEE CORRECTIONS INSTITUTION
     5964 US HIGHWAY 90
     LIVE OAK, FLORIDA 32060

(3)

DEFENDANT(S) CONTINUAL

(9)   JOHN DOE #5
CORRECTIONAL OFFICER
SUWANNEE CORRECTIONS INSTITUTION
5964 US HIGHWAY 90
LIVE OAK, FLORIDA 32060

(10)   JOHN DOE #6
SERGENT, CORRECTIONAL OFFICER
SUWANNEE CORRECTIONS INSTITUTION
5964 US HIGHWAY 90
LIVE OAK, FLORIDA 32060

(11)   M. BRYANT
CORRECTIONAL OFFICER
SUWANNEE CORRECTIONS INSTITUTION
5964 US HIGHWAY 90
LIVE OAK, FLORIDA 32060

(12)   JOHN DOE #4 ISIAM
MEDICAL DOCTOR
SUWANNEE CORRECTIONS INSTITUTION
5964 US HIGHWAY 90
LIVE OAK, FLORIDA 32060

(4)

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV.   PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.   Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes(  )          No( ✓ )

1.   Parties to previous action:
(a)   Plaintiff(s): _____ N/A _____,
(b)   Defendant(s): _____

2.   Name of judge: _____   Case #: _____
3.   County and judicial circuit: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____
7.   Facts and claims of case: _____
_____

**(Attach additional pages as necessary to list state court cases.)**

B.   Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes(  )          No( ✓ )

1.   Parties to previous action:
a.   Plaintiff(s): _____ N/. _____
b.   Defendant(s): _____

2.   District and judicial division: _____
3.   Name of judge: _____   Case #: _____
4.   Approximate filing date: _____
5.   If not still pending, date of dismissal: _____
6.   Reason for dismissal: _____

● (5)

7.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.   Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes( ✓ )                    No( )

If YES, describe each action in the space provided below. If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.   Parties to previous action:
   a.   Plaintiff(s): _LAVAROS DAVIS_
   b.   Defendant(s): _VAUGHN, HOUSIAINE, DANIELS, NEWCOMB_

2.   District and judicial division: _PENSACOLA DIVISION_

3.   Name of judge: _HOPE THAI CANNON_     Case #: _3:20-CV-5935-MCR-HTC_

4.   Approximate filing date: _11-10-20_

5.   If not still pending, date of dismissal: _PENDING_

6.   Reason for dismissal: _NONE_

7.   Facts and claims of case: _EXCESSIVE USE OF FORCE AND_
   _DELIBERATE INDIFFERENT_

**(Attach additional pages as necessary to list cases.)**

D.   Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed:

Yes( )                    No( ✓ )

1.   Parties to previous action:
   a.   Plaintiff(s): _____   _N/A_
   b.   Defendant(s): _____

2.   District and judicial division: _____

3.   Name of judge: _____   Case Docket # _____

4.   Approximate filing date: _____   Dismissal date: _____

5.   Reason for dismissal: _____

## STATEMENTS OF FACTS

(1) THE PLAINTIFF LAVAROS DAVIS DC# M63150, PRO SE CONTENDS THAT ON 12-20-22 JANE DOE #1 MENTAL HEALTH COUNSELOR ASK DO I WANT TO COME OUT TO SPEAK TO HER I STATED YES, I WAS ASK TO STAND UP, I THEN STATED I'M PHYSICALY UNABLE TO STAND NOR WALK DUE TO I CAN'T FEEL OR MOVE FROM THE WAIST DOWN. JANE DOE #1 TOLD ME IF I CAN'T WALK THEN I REFUSE. ▄▄▄▄▄▄▄▄

(2) LATER ON THAT DAY OFFICER UNDERHILL, OFFICER PINNELL, OFFICER BUTCHER ASK ME DO I WANT TO COME OUT TO MENTAL HEALTH GROUP I STATED YES I WAS AGAIN ASK TO STAND UP I STATED I'M PHYSICALY UNABLE TO WALK AND STAND AND THAT I NEED A WHEELCHAIR. OFFICERS UNDERHILL, PINNELL, BUTCHER ALL REFUSE ME A WHEELCHAIR AND STATED IF I CAN'T WALK THEN I REFUSE.

(3) THAT NIGHT JOHN DOE #5 ASK ME DO I WANT TO TAKE A SHOWER AND COME OUT TO WOUND CARE, I STATED YES HE ASK ME CAN YOU WALK I STATED THAT I'M PHYSICALY UNABLE TO WALK AND I REQUESTED TO USE A WHEELCHAIR SO I WILL BE ABLE TO GO TO DAY ROOM, PHONE, AND SHOWER; GET WOUND CARE, HE STATED TO ME THAT I CAN'T USE A WHEELCHAIR AND IF I CAN'T WALK THEN I REFUSE.

(4) ON 12-21-22, 12-22-22 I WAS ASK BY ARNP. MS. COOK IF I WANT TO COME OUT FOR COUNSELING I STATED YESS OFFICER UNDERHILL, OFFICER PINNELL, OFFICER BUTCHER, AND ARNP. MS. COOK ASK ME IF I'M GONE WALK I STATED AGAIN THAT I'M PHYSICALY UNABLE TO WALK AND I REQUESTED TO USE A WHEELCHAIR. I WAS TOLD BY ARNP. MS. COOK; OFFICER UNDERHILL, OFFICER PINNELL, OFFICER BUTCHER THAT IF I CAN'T WALK I REFUSE.

(5) LATER ON THAT NIGHT JOHN DOE OFFICER #5 ASK ME DO I WANT TO TAKE A SHOWER; GO TO WOUND CARE AND AGAIN HE ASK ME TO STAND, I STATED TO HIM THAT I'M PHYSICALY UNABLE TO WALK NOR STAND, AND I REQUESTED TO USE A WHEELCHAIR SO I WILL BE ABLE TO SHOWER AND RECEIVED TREATMENT JOHN DOE #5 STATED TO ME THAT I CAN'T USE A WHEELCHAIR AND IF CAN'T WALK I REFUSE.

(7)

(6)   ON 12-27-22 I WAS ASK BY OFFICER PINNELL DO I WANT to COME OUT FOR X-RAY I STATED YES, HE STATED TO ME THAT I CAN'T USE A WHEELCHAIR. I STATED THAT I'M PHYSICALY UNABLE TO WALK NOR STAND AND I REQUESTED A WHEELCHAIR TO USE TO GO GET MY X-RAY OFFICER PINNELL STATED THAT IF I CAN'T WALK THEN I REFUSE. OFFICERS UNDERHILL, OFFICER PINNELL, OFFICER BUTCHER ALSO ASK ME DO I WANT TO COME TO GROUP I STATED YES AND I REQUEST TO USE THE WHEELCHAIR SO I CAN COME OUT AND RECEIVED MENTAL HEALTH GROUP, I WAS AGAIN REFUSE / DENIED TO COME OUT / USE A WHEELCHAIR.

(7)   LATER ON THAT NIGHT JOHN DOE #5 ASK ME DO I WANT to TAKE A SHOWER / COME OUT TO WOUND CARE I STATED YES. AGAIN HE ASK ME CAN I WALK, I THEN STATED YOU KNOW I NEED A WHEELCHAIR BECAUSE I'M PHYSICALY UNABLE TO WALK. JOHN DOE #5 STATED IF I CAN'T WALK THEN I REFUSE.

(8)   ON 12-28-22 JOHN DOE SERGENT #6 ASK ME DO I WANT TO GO TO WOUND CARE / TAKE A SHOWER, I STATED YES HE ASK ME TO GET UP THEN. I THEN STATED THAT I'M PHYSICALY UNABLE TO STAND OR WALK. AND REQUEST TO USE A WHEELCHAIR. HE TOLD ME NO AND STATED IF I CAN'T WALK THEN I REFUSE.

(9)   ON 12-29-22 OFFICER BRYANT ASK ME IF I'M GOING TO RMC FOR PHYSICAL THERAPY I STATED YES HE STATED I CAN'T TAKE THE WHEELCHAIR NOR USE IT. HE ASK ME WOULD I BE ABLE TO WALK I STATED NO I'M PHYSICALY UNABLE TO WALK, HE STATED THEN I REFUSE. OFFICER BRYANT KNOWS I NEED A WHEELCHAIR BECAUSE ON 12-28-22 I WAS ABLE TO USE THE WHEELCHAIR TO GO TO RMC TO PHYSICAL THERAPY AND WAS TOLD BY THE PHYSICAL THERAPIST THAT SHE KEEP RECOMMENDING THAT I NEED A WHEELCHAIR

(10)   ON 12-29-22 ALSO I WAS TOLD BY SERGENT CHERRY THAT JANE DOE #1 TOLD THEM ON 12-28-22 AFTER I LEFT THAT I CAN'T USE A WHEELCHAIR BECAUSE I DON'T HAVE A WHEELCHAIR PASS.

(8)

(11)   ON 12-29-22  I WAS ASK IF I WANT to GO SEE THE MEDICAL

DOCTOR  I STATED. YESS,  I WAS TOLD to STAND UP, SO I

STATED I'M PHYSICALY UNABLE to STAND OR WAIK

AND REQUESTED A WHEELCHAIR.  I WAS TOLD THAT
MEDICAL DOCTOR #4  ISIAH
JOHN DOE #4  SAID THAT HE DON'T CARE IF I NEED A

WHEELCHAIR IF I CAN'T WAIK to COME SEE HIM THEN

I REFUSE.  I PUT IN 3 SICK CALLS to SEE HIM AND

STATED THAT I'M PHYSICALY UNABLE to WAIK BECAUSE I'M

HAVING RECURRENCE OF GBS WHICH IS THE CAUSE OF ME

HAVING NO FEELING NO MOVEMENT FROM THE WAIST DOWN.
                 ISIAH
SO  JOHN DOE #4  KNOWS I NEED A WHEELCHAIR.

(12)    I'M HEARING VOICES THE VOICES ARE MAKING ME

REAL DEPRESS  AND CAUSING ME NOT to EAT AND HAVING

ME CUTTING MYSELF.

    THE PLAINTIFF CONTENDS THAT THE ACTIONS OF JANE DOE #1
                                   JANE DOE #3
MENTAL HEALTH COUNSELOR,  ARNP. MS. COOK , OFFICER UNDERHILL,

OFFICER PINNELL, OFFICER BUTCHER,  JOHN DOE #4 MEDICAL DOCTOR,
                              SERGEANT
JOHN DOE #5 OFFICER,  JOHN DOE #6 , OFFICER BRYANT, REFUSE

ME MEDICAL MENTAL HEALTH TREATMENT, SHOWERS, DUE to I'M

PHYSICALY UNABLE to WAIK BECAUSE  I CAN'T FEEL NOR MOVE FROM

THE WAIST DOWN, AND REFUSE to PROVIDE ME WITH A WHEELCHAIR

SO I CAN GET MEDICAL MENTAL HEALTH TREATMENT, DAYROOM,

SHOWERS, PHONE, CONSTITUTED A VIOLATION OF  TITLE I, TITLE II

OF THE AMERICAN WITH DISABILITY ACT AND CONSTITUTE A VIOLATION
              14th
OF THE 8th, AMENDMENT to THE UNITED STATES CONSTITUTION

AND ARTICLE (I) SECTION (9) OF THE DUE PROCESS CLAUSE OF

THE FLORIDA CONSTITUTION.

(13)    THE PLAINTIFF FURTHER CONTENDS THAT THE ACTIONS OF

THE ABOVE NAMED DEFENDANTS, CONSTITUTED A DELIBERATE INDIFFERENCE,

to THE PLAINTIFF SERIOUS MEDICAL MENTAL HEALTH NEEDS AND

CONSTITUTIONAL RIGHTS NOT to BE EXPOSED to CRUEL AND UNUSUAL

PUNISHMENT AND DELIBERATE INDIFFERENCE, BY HEREIN DEFENDANTS

(14) ON 1-3-22 OFFICER BRYANT THE DEFFENDANT CAME TO MY
CELL 4111 AND ASK ME IF I WANT TO GO TO RMC FOR MY
PHYSICAL THERAPY I STATED TO HIM OUT OF FRUSTRATION
THAT I'M PHYSICAL UNABLE TO WALK, THAT I NEED A WHEELCHAIR
OFFICER BRYANT REFUSE ME TO USE A WHEELCHAIR AND THEREFORE
DENIED ME MEDICAL CARE AT RMC BECAUSE I'M PHYSICALLY
UNABLE TO WALK. THIS MEDICAL TREATMENT AT RMC WAS
FOR THE RECURRENCE OF GBS THAT IS CAUSING PLAINTIFF
WHERE HE'S PHYSICAL UNABLE TO WALK OR FEEL FROM THE WAIST
DOWN, THE NEUROLOGIST WAS THE ONE WHO RECOMMENDED
THAT ORDER PHYSICAL THERAPY FOR MY DISABILITY
WHICH CLEARLY SHOWES THERES SOMETHING WRONG.

(15) ON 1-4-22 DEFENDANT DOCTOR ISLAM WHICH IS JOHN DOE #4 MEDICAL
DOCTOR CAME TO MY CELL 4111 AND ASK ME TO GO GET
THE TOILET PAPER FROM THE OTHER SIDE OF THE ROOM
SO I LOWER MYSELF TO THE GROUND USING MY HANDS
AND WITH MY HANDS DRAG MYSELF ACROSS THE FLOOR
AND BRONG IT BACK TO HIM THE SAME WAY.

(16) THE DEFENDANT STATED TO ME HE'S NOT GONE GIVE ME
A WHEELCHAIR BECAUSE HE DON'T WANT ME TO LOSE NO
FUNTION IN MY LEGS. INWHICH THE PLAINTIFF HAS ALREADY
LOST FUNTION IN HIS LEGS WHICH IS OBVIOUS.
THAT SAME DAY DEFENDANT PINNELL ASK ME DO I WANT
TO GO TO MY LEGAL CALL OUT, I STATED YES AND REQUESTED
A WHEELCHAIR OFFICER PINNELL REFUSE ME MY LEGAL CALL
BECAUSE HE STATED I CAN'T HAVE A WHEELCHAIR AND
IF I CAN'T WALK I REFUSE.

(17) ON 1-6-22, 1-5-22, 1-4-22, 1-3-22, THE PLAINTIFF WAS
ALSO REFUSE MENTAL HEALTH GROUPS, DAYROOMS, MENTAL HEALTH
COUNSELING, SHOWERS, REC, BY DEFENDANTS JONE DOE #5 OFFICER,
OFFICERS PINNELL, UNDERHILL, BUTCHER, BECAUSE I'M PHYSICALLY
UNABLE TO WALK AND THEY CONTINUALY REFUSE ME TO USE
A WHEELCHAIR.

(10)

(16) ON 1-6-22 DEFENDANT OFFICER BRYANT ASK ME DO I WANT
TO GOTO MY MEDICAL CALL OUT AT RMC I STATED YES,
AND I'M PHYSICALY UNABLE TO WALK, OFFICER BRYANT
STATED HE CAN'T HELP ME? I CAN'T USE THE WHEELCHAIR
AND AGAIN REFUSE ME MEDICAL TREATMENT DUE TO I'M
PHYSICALY UNABLE TO WALK. I THE PLAINTIFF WAS GOING
FOR TREATMENT FOR MY LEGS TO FIND OUT WHATS GOING
ON AND WAS AGAIN DENIED.

CONTINUALS ON PAGE 12

(11)

(19)   THE PlAintiFF, FURTHER ASSERTS that the ActionS OF THE ABOVE DEFENDANTS, "DEMONSTRATES" That they WERE iN POSSESSiON OF KNOWlEDGE that the PlAiNtiFF NEEDED A WHEElCHAiR BUT DiD NOTHiNG to GiVE the PlAiNtiFF A WHEElCHAiR OR USE A WHEElCHAiR SO THE PlAiNtiFF WiLL BE ABlE TAKE SHOWERS, GO TO DAYROOM, USE the PHONE, LEGAl CAllS, RECEiVED MEDiCAl MENTAl HEAlTH TREATMENT, BUT REFUSE THE PlAiNtiFF TREATMENT AND WHEElCHAiR

## DEFENDENTS

(20)   ~~JOHN DOE~~ **ISlAM** #4 MEDiCAl DOCTOR iS A MEDiCAl DOCTOR, At SUWANNEE CORRECTiONAl INSTiTUTiON, (that iS ON INFORMATiON AND BEliEF) HE iS CHARGE With the DAY TO DAY CARE OF iNMATES AND THE PlAiNtiFF, PURSUANT TO CH. 33 AND FlA STAT, TiTlE I, TiTlE II, OF THE AMERiCAN With DiSABiLiTY ACT, 945. 603, 945. 601, et seq, 944. 023.

(21)   DEFENDANT, ~~JOHN DOE~~ **ISlAM** #4 MEDiCAl DOCTOR, iS AlSO RESPONSiBlE FOR the iMPlEMENTATiON OF PROPER PROCEDURE that WOUlD ENSURE that the PlAiNtiFF RElEiVED ADEQUATE MEDiCAl TREATMENT, BY PROViDiNG ME With A WHEElCHAiR PASS, SO I WiLL BE ABlE TO GET TO HiM AND GET TREATED. FROM HiM, THE PlAiNtiFF CONTENDS that A WHEElCHAiR WOUlD HAVE AllOW ME TO RELEiVE MEDiCAl, MENTAl HEAlTH TREATMENT, TAKE SHOWERS, DAYROOM, PHONE AND WOUlD NOT HAVE ME DRAG MYSElF ON THE GROUND iN MY CEll.

(22)   ~~JOHN DOE~~ **ISlAM** #4 MEDiCAl DOCTOR, BEiNG FUlLY AWARE OF WHAT GBS iS ! MY CONDiTiON THROUGH SiCK CAllS, AND RECORDS that the PHYSiCAl THERAPiST RECOMMENDED that I NEED A WHEElCHAiR BUT STiLL REFUSE TO PROViDE ME With A WHEElCHAiR AND WHEElCHAiR PASS.

(23)   THE PlAiNtiFF CONTENDS that SUCH ACTiONS BY ~~JOHN DOE~~ **ISlAM** #4 MEDiCAl DOCTOR, HAS _EXPOSE_ HiM TO DEliBERATE INDiFFERENCE PROSCRiBED BY THE EiGHT AMENDMENT TO THE UNiTED STATES

(12)

## DEFENDENT'S CONTINUALS

FEDERAL CONSTITUTION, CONSTITUTED CRUL AND UNUSUAL PUNISHMENT
AND DELIBERATE INDIFFERENCE, UNDER COLOR OF STATE LAW
ALSO TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITY ACT

(14) DEFENDENT ARNP. COOK IS A MENTAL HEALTH PROVIDER IS
THE ONE WHO PROVIDE MENTAL HEALTH MEDICATION AND HELP DIAGNOSE
TCU INMATES AT SUWANNEE CORRECTIONS INSTITUTION; SHES IN
CHARGED WITH THE DAY TODAY CARE OF THE INMATES ON TCU
AND THE PLAINTIFF, PURSUANT TO CH. 33 AND FLA STAT,
TITLE I, TITLE II OF THE AMERICAN WITH DISABILITY ACT,
945.603, 945.601, et seq, 944.023.

(15) DEFENDANT ARNP. COOK, IS ALSO RESPONSIBLE FOR THE
IMPLEMENTATION OF PROPER PROCEDURE THAT WOULD ENSURE
THAT THE PLAINTIFF RECEIVE ADEQUATE MENTAL HEALTH / MEDICAL
TREATMENT FOR SCREENING / DIAGNOSE AND PROVIDE MENTAL MEDICATION
HOWEVER ARNP. COOK, FAILED / REFUSE TO DIAGNOSE, PROVIDE MEDICATION
ON THE PLAINTIFF FOR HEARING VOICES / DEPRESSION BECAUSE
THE PLAINTIFF IS PHYSICALLY UNABLE TO WALK DUE TO THE PLAINTIFF
HAVE NO FEELING NOR MOVEMENT FROM THE WAIST DOWN, FROM
THE RECURRENCE OF GBS AND THE PLAINTIFF HAVE NO WHEELCHAIR
PASS WHEN THE DEFENDENT HAVE @ THE AUTHORITY TO WRITE ME
A PASS OR PROVIDE ME WITH A WHEELCHAIR.

(16) THE PLAINTIFF CONTENDS THAT IF DEFENDENT ARNP. COOK
WOULD HAVE USE HER MEDICAL AUTHORITY AS A ARNP AND
WROTE ME A PASS OR ALLOWED ME TO USE A WHEELCHAIR
WOULD HAVE ALLOWED THE PLAINTIFF TO COME OUT FOR
MENTAL HEALTH SCREENING / DIAGNOSE AND PROVIDE MEDICATION
FOR THE PLAINTIFF HEARING VOICES. BUT FAILED TO DO
SO AND JUST REFUSE THE PLAINTIFF TREATMENT ALTOGETHER.

(17) THE PLAINTIFF CONTENDS THAT SUCH ACTIONS BY ARNP. COOK
HAS EXPOSED HIM TO DELIBERATE INDIFFERENCE PROSCRIBED
BY THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION,
CONSTITUTED CRUL AND UNUSUAL PUNISHMENT AND DELIBERATE
INDIFFERENCE, UNDER COLOR OF STATE LAW, TITLE I, TITLE II OF THE
AMERICAN WITH DISABILITY ACT

(B)

DEFENDANTS CONTINUAL

(28) DEFENDENT MS. YOUNG 'S THE ADA COORNATOR, AT SUWANNEE CORRECTIONAL INSTITUTION, SHE IS CHARGE AS THE CENTRAL OFFICE EMPLOYEE ASSIGNED TO COORDINATE THE DEPARTMENTS EFFORTS TO COMPLY WITH AND CARRY OUT ITS RESPONSIBILITIES UNDER THE PROVISIONS OF TITLE I AND TITLE II OF THE ADA AND SECTION 504 OF THE 1973 REHABILITATION ACT, AND CHARGE WITH DAY TO DAY CARE OF ADA INMATES AND THE PLAINTIFF, PURSUANT TO CH. 33-210. 201, AND F1A STAT 945. 603, 945. 601, et seq, 944.0cs, TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITY ACT

(29) DEFENDENT YOUNG ADA COORNATOR, IS ALSO RESPONSIBLE FOR THE IMPLEMENTATION OF PROPER PROCEDURE THAT WOULD ENSURE THAT THE PLAINTIFF RECEIVED ADEQUATE MEDICAL TREATMENT, BY PROVIDING ME WITH OR HELPING ME GET A WHEELCHAIR SO I WILL BE ABLE TO COME OUT MY CELL TO RECEIVED MEDICAL ¦ MENTAL HEALTH TREATMENT, SHOWER, PHONE, DAYROOM WHICH IS THE DEPARTMENTS PROGRAM(S), SERVICE(S), ACTIVITIES. THE PLAINTIFF CONTENDS THAT A WHEELCHAIR WOULD HAVE ALLOW ME TO PARTICIPATE IN THE DEPARTMENTS PROGRAM(S), SERVICE(S), ACTIVITIES, AND WOULD NOT HAVE ME DRAG MYSELF ON THE GROUND AROUND THE PLAINTIFF CELL.

(30) DEFENDENT YOUNG ADA COORNATOR, BEING FULLY AWARE OF WHAT MY CONDITION IS THROUGH RECORDS, AND REQUEST TO THE DEFENDENT REQUESTING AN ADA ACCOMMODATION SO THE PLAINTIFF WILL STOP BEING REFUSE DEPARTMENT PROGRAM(S), SERVICE(S), ACTIVITIE(S), WHICH IS MEDICAL ¦ MENTAL HEALTH TREATMENT, SHOWERS, DAY ROOM, PHONE, GROUPS, COUNSELING.

(31) THE PLAINTIFF CONTENDS THAT SUCH ACTIONS BY DEFENDENT HODGES ADA COORNATOR, HAS EXPOSE HIM TO DISCRIMINATION ON THE BASIS OF A DISABILITY, AND HIM TO DELIBERATE INDIFFERENCE PROSCRIBED BY THE EIGHT AMENDMENT TO THE UNITED STATES FEDERAL CONSTITUTION, CONSTITUTED CRUL AND UNUSUAL PUNISHMENT AND DELIBERATE INDIFFERENCE, UNDER COLOR OF STATE

(14) LAW, ALSO TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITY ACT.

## DEFENDANTS CONTINUAL

(32) RICKY DICKS is THE SECRETARY FOR THE FLORIDA
DEPARTMENT OF CORRECTIONS (HEREINAFTER. Fla. DOC's)
is AN ADMINISTRATIVE AGENCY OF THE EXECUTIVE BRANCH
OF THE FLORIDA GOVORNMENT, CHARGED WITH THE CARE,
CUSTODY AND CONTROL OF STATE PRISONERS BY VITURE
OF §§ 20.315 AND 944.09. FLORIDA STATUTES DEFENDANT
ADDRESS is 501 SOUTH CALHOUN STREET, TALLAHASSEE
FLORIDA 32399.

(33)    THE PLAINTIFF CONTENDS THAT RICKY DICKS SECRETARY
OF Fla. DOC, UNOFFICIAL POLICIES, CUSTOMS AND PRACTICES OF
ALLOWING THE DEFENDANT(S) (HEREIN NAMED); AT THE INSTITUTIONAL
LEVEL TO ESTABLISH SUCH POLICIES, CUSTOM'S AND PRACTICES OF
REFUSING, TAKING, FALSIFYING MEDICAL ¦ MENTAL HEALTH RECORDS
DISCRIMINATING ON THE BASIS OF THE PLAINTIFF DISABILITY
BY REFUSING THE PLAINTIFF A WHEELCHAIR SO THE PLAINTIFF
WILL BE ABLE TO PARTICIPATE IN THE DEPARTMENTS PROGRAMS,
SERVICES, ACTIVITIES, WHICH IS MEDICAL ¦ MENTAL HEALTH TREATMENT
SHOWERS, DAYROOM, GROUPS, PHONE, OF THE PLAINTIFF,
LANAROS DAVIS #M63150, AT SUWANNEE C.I., VIOLATED
THE PLAINTIFF(S) RIGHTS UNDER TITLE I, TITLE II OF THE AMERICAN
WITH DISABILITY ACT AND UNDER THE EIGHTH AMENDMENT RIGHTS
TO THE UNITED STATES CONSTITUTION UNDER THE COLOR OF STATE
LAW.

(34)    THE PLAINTIFF ASSERTS THAT, DEFENDANT RICKY DICKS
SECRETARY OF Fla. DOC's, HAVE AN UNOFFICIAL POLICIES CUSTOMS
AND PRACTICES OF "ALLOWING" SUCH "REPEATED" ACTS BY FINAL
POLICY-MAKER FOR THE Fla. DOCS AND SUCH REPEATED ACTS
OF TAKING WHEELCHAIRS FOR NO JUST CAUSE, REFUSING WHEELCHAIRS
FOR THE PLAINTIFF AND THOSE WHO NEED THEM, REFUSING MEDICAL ¦
MENTAL HEALTH TREATMENT BECAUSE PLAINTIFF PHYSICAL UNABLE TO
WALK, FALSIFYING MEDICAL RECORDS ¦ MENTAL HEALTH RECORDS JUST TO
JUSTIFY THEIR ACTIONS. ¦ IN VIOLATION OF his 8th ~~AMENDMENT~~
AMENDMENT RIGHTS, AND TITLE I, TITLE II OF AMERICAN WITH
(15) DISABILITY ACT, to THE UNITED STATE CONSTITUTION

DEFENDANTS CONTINUAL

AND THE FLORIDA CONSTITUTION, ART. (1) SECTION (9)

(35) THE PLAINTIFF FURTHER ACKNOWLEDGE THAT DEFENDANT BICKY DICKS, SECT. FOR THE FLA, DOC'S, IN HAVING POLICIES, CUSTOMS AND PRACTICES, THAT ALLOWED THE DEFENDANT(S) AT THE INSTITUTIONAL LEVEL TO ~~REFUSE AND~~ DISCRIMINATE, ON THE BASIS OF HIS DISABILITY BY REFUSING THE PLAINTIFF MENTAL HEALTH TREATMENT, MEDICAL TREATMENT, DAYROOM, SHOWERS, PHONE, GROUPS, WHICH IS PROGRAMS, SERVICES, ACTIVITIES, BECAUSE THE PLAINTIFF IS PHYSICALY UNABLE TO WALK AND VIOLATES TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITY ACT, AND CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES, FEDERAL CONSTITUTION

(36) THE DEFENDANT BICKY DICKS, SECRETARY OF THE FLA. DOC'S ALSO HAVE A OFFICIAL POLICY, CUSTOM AND PRACTICE OF "IN HOUSE GRIEVANCES GETTING NOT PROCESS" FOR SUCH ALLEGATIONS HEREIN MADE AGAINTS THEIR EMPLOYEES;

AGAIN, THE PLAINTIFF ASSERTS THAT THE DEFENDANT BICKY DICKS HAS AN UNOFFICIAL ADOPTION OF POLICIES, CUSTOMS, AND PRACTICES, THAT HAVE "ALLOWED" PRISON OFFICIALS AT THE INSTITUTIONAL LEVEL TO ESTABLISH "STATE - WIDE", POLICIES, CUSTOMS AND PRACTICES, OF ALLOWING THE DEFENDANT(S) AT THE INSTITUTIONAL LEVEL OF PRISON OFFICIALS TAKING WHEELCHAIRS, REFUSING WHEELCHAIRS, REFUSING MEDICAL MENTAL HEALTH TREATMENT, DAY ROOM, SHOWER, PHONE, WHICH IS PROGRAMS, SERVICES, ACTIVITIES, BECAUSE THE PLAINTIFF IS PHYSICAL UNABLE TO WALK, IN VIOLATION OF THE TITLE I, TITLE II OF THE AMERICAN WITH DISABILITY ACT, AND VIOLATION OF THE 8th AMENDMENT TO THE U.S. CONT.; ART. (1), SECTION (9) OF THE FLA. CONT, ARE SUED IN HIS OFFICIAL CAPACITIE FOR "INJUNCTIVE RELIEF" AND IN HIS INDIVIDUAL CAPACITIE FOR PUNITIVE; COMPENSATORY RELIEF. THE PLAINTIFF FURTHER CONTENDS THAT INMATES ARE BEING REFUSE ADA ACCOMMODATION, WHEELCHAIRS ARE GETTING TAKEN FOR NO JUST CAUSE, MEDICAL AND MENTAL HEALTH TREATMENT ARE BEING REFUSE BECAUSE SOME ARE PHYSICAL UNABLE TO

(16)

## DEFENDANTS CONTINUAL

WALK, THE DEPARTMENT OF CORRECTIONS ARE DISCRIMINATING
ON THE BASIS OF A DISABILITY, AGAINST ANY INMATE
WITH REGARD TO ITS PROGRAMS, SERVICES, ACTIVITIES FOR
WHICH THE INMATE IS OTHERWISE QUALIFIED.

(37) SEE: ADA SETTLEMENT AGREEMENT CASE NO. 4:16-CV-47-RH-CAS
THE PLAINTIFF CONTENDS THAT THIS COURT MAY ALSO REVIEW
THAT THE DEPARTMENT OF CORRECTIONS ~~HAVE~~ HAVE VIOLATED
THIS SETTLEMENT AGREEMENT MULTIPLE TIMES AND HAVE
BESETTLE MULTI~~PLE~~ TIMES OF THE MANY VIOLATIONS SETTLED
IN STATE AND FEDERAL UNITED STATES DISTRICT COURTS,
FOR DISCRIMINATING ON THE BASIS OF A DISABILITY,
REFUSING ADA ACCOMMODATION, REFUSING OR TAKING
WHEELCHAIRS FROM THOSE WHO NEEDS THEM, REFUSING
PROGRAMS, SERVICES, ACTIVITIES, BECAUSE THEY ARE
PHYSICALY UNABLE TO WALK BUT REFUSE THEM A WHEELCHAIR.

(38)      SUCH MATERIAL EVIDENCE AT ~~THIS~~ COURT DISPOSAL
CLEARLY DEMONSTRATES THAT THE PLAINTIFF, LAVAROS DAVIS,
ARE BEING DENIED PROGRAMS, SERVICES, ACTIVITIES, BECAUSE
THE PLAINTIFF IS PHYSICAL UNABLE TO WALK, IS NOT AN
"ISOLATED INCIDENT".

(39)      INDEED, WHEN IT COMES TO THE DISCRIMINATING ON THE
BASIS OF A DISABILITY BY REFUSING ' TAKING ADA ACCOMMODATION
OF FLORIDAS INMATES, THE PATTERNS IS WIDE-SPREADED, IN THE
STATE OF FLORIDA BY DESIGN OF DEFENDANT(S) RICKY DICKS,
SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTION(S) AND
WARDEN LANE, OF SUWANNEE CORRECTIONAL INSTITUTION,
THROUGH THEIR OFFICIAL AND UNOFFICIAL POLICIES, CUSTOMS,
AND PRACTICES.

(40)      THE PLAINTIFF CONTENDS THAT THE FLORIDA DEPARTMENT OF
CORRECTION(S), RICKY DICKS, AND WARDEN LANE AT
SUWANNEE CI EACH OF THEM, HAVE BEEN PLACED ON NOTICE
OF THE DISCRIMINATING ON THE BASIS OF A DISABILITY BY
REFUSING ' TAKING ADA ACCOMMODATION OF THESE HEREIN NAME
OFFICERS AND STAFF MEMBERS BY A NUMBER OF GRIEVANCES AND
(17)  COMPLAINTS, FILED BY INMATES AND THE PLAINTIFF, OVER A PERIOD

## DEFENDANTS CONTINUAL

OF MONTHS TO NO AVAIL,

(40) DEFENDANT, _WARDEN LANE_, WARDEN, OF SUWANNEE CORRECTIONS INSTITUTION, IS CHARGE WITH THE RESPONSIBILITES OF THE DAILY OPERATIONS OF THE SUWANNEE CORRECTIONS INSTITUTION, MAIN UNIT AND THE ANNEX.

(42) HE IS ALSO CHARGED BY VITURE OF CH 33 AND FLORIDA STATUTES, FOR THE CUSTODY, CONTROL AND CARE OF ALL INMATES HOUSED AT SUWANNEE CI

DEFENDENT _LANE_ IS ALSO RESPONSIBLE FOR OFFICIAL POLICIES, CUSTOMS AND PRACTICES OF ALL STAFF MEMBER(S), AT SUWANNEE CI ON 12-20-22, 12-21-22, 12-22-22, 12-27-22, 12-28-22, 12-29-22

THE PLAINTIFF CONTENDS THAT THE ACTION AND INACTION OF DEFENDANT _WARDEN LANE_, WARDEN OF SUWANNEE CORRECTIONS INSTITUTION, MAIN UNIT AND THE ANNEX, IN REGARDS TO THE ADOPTION OF _OFFICIAL_ AND _UNOFFICIAL_ POLICIES, CUSTOMS AND PRACTICES AT THE INSTITUTIONAL LEVEL THAT HAVE "ALLOWED" SUWANNEE CORRECTIONAL INSTITUTION MAIN UNIT AND THE ANNEX,

(43) OFFICERS AND STAFF MEMBERS TO ESTABLISH, POLICIES, CUSTOMS AND PRACTICES OF REFUSING ADA ACCOMMODATION, DISCRIMINATING ON THE BASIS OF A DISABILITY BECAUSE HE/SHE IS PHYSICALY UNABLE TO WALK, THAT CAUSE HIM THE PLAINTIFF AND OTHERS TO GET REFUSE SHOWERS, DAYROOM, MENTAL HEALTH TREATMENT, MEDICAL TREATMENT, GROUPS, PHONE, REC, WHICH IS PROGRAMS, SERVICES, ACTIVITIES.

(44) BY CAUSING HIM EMOTIONAL ; MENTAL HEALTH DISTRESS OF HEARING VOICES ; DEPRESSION THAT GOT ME THE PLAINTIFF CUTTING ; HARMING HIMSELF, THE EMOTIONAL INJURIES HEREIN COMPLAINED OF IN THIS COMPLAINT, AND CAUSING HIM HUMILIATION BECAUSE HE HAS TO DRAG HIMSELF ACROSS HIS CELL FLOOR TO GET AROUND HIS CELL, IN VIOLATION OF THE _EIGHTH AMENDMENT_ TO THE UNITED STATES FEDERAL CONSTITUTION AND _ART(I)_, _SECTION(9)_ OF THE FLORIDA CONSTITUTION, AND CONSTITUTED _DELIBERATE INDIFFERENCE_ TO THE PLAINTIFF(S)

(18)

## CONTINUALS

CONSTITUTIONAL RIGHTS NOT TO BE EXPOSED TO CRUEL AND UNUSUAL PUNISHMENT PROSCRIBED BY THE EIGHTH, TO THE UNITED STATES FEDERAL CONSTITUTION. AND TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. 12101 et

(45) seq,    THE PLAINTIFF CONTENDS THAT THE POLICIES, CUSTOMS, AND PRACTICE OF, JUST REFUSING TO ACKNOWLEDGE THE VIOLATIONS OF RIGHTS OF THE PLAINTIFF AND OTHERS THE OFFICERS AND STAFF MEMBERS THAT HAVE BEEN INVOLVED IN THE CONSTITUTIONAL VIOLATION; A FAILURE TO ACKNOWLEDGE AND DISCIPLINE THEIR EMPLOYEES BASE ON THE ARGUMENT AND MATERIAL FACTS OF THIS COMPLAINT, CONSTITUTED A CONSTITUTIONAL DELIBERATE INDIFFERENCE, TO THE PLAINTIFF HEALTH AND SAFETY AND CONTRIBUTED TO AND PROXIMATELY CAUSE THE HEREIN DESCRIBED VIOLATIONS OF THE EIGHTH AMENDMENT RIGHT AND VIOLATION OF TITLE I, TITLE II, OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. 12101 et., seg. OF THE HEREIN PLAINTIFF.

(46)    THE PLAINTIFF CONTENDS THAT A POLICY, CUSTOM. AND PRACTICE IS ACTIONS OR INACTIONS THAT IS SO WELL SETTLED AND PERMANENT AS TO CARRY THE FORCE OF LAW. UNDER THE COLOR OF STATE LAW. THE ACTIONS

(47) OF DEFENDANTS OFFICER UNDERHILL, OFFICER PINELL, OFFICER BUTCHER, JOHN DOE #5 OFFICER , JOHN DOE #6 SERGENT, OFFICER BRYANT.

(48)    THE PLAINTIFF LAVAROS DAVIS, #M63150 , CONTENDS THAT DURING THEIR SHIFT ON 12-20-22, 12-21-22, 12-22-22, 12-27-22, 12-28-22, 12-29-22 THE HEREIN NAMED OFFICERS INTERFERED AND REFUSE THE PLAINTIFF MEDICAL | MENTAL HEALTH TREATMENT DAYROOM , SHOWER, GROUP, REC, PHONE, BECAUSE THE PLAINTIFF IS PHYSICAL UNABLE TO WALK AND REFUSE THE PLAINTIFF TO USE THE DORM WHEELCHAIR SO HE WILL BE ABLE TO COME OUT AND PARTICIPATE IN THE DEPARTMENT OF

(19)

CORRECTIONS PROGRAMS, SERVICES, ACTIVITIES FOR WHICH THE PLAINTIFF IS OTHERWISE QUALIFIED FOR, AND ALSO DISCRIMAINATED ON THE BASIS OF THE PLAINTIFF DISABILITY BY REFUSING HIM TO BE ABLE TO USE A WHEELCHAIR TO RECEIVED TREATMENT.

(49) THE ABOVE NAME OFFICERS ENGAGED IN DELIBERATE INDIFFERENCE AGAINTS THE PLAINTIFF, UNDER COLOR OF STATE LAW. THE ABOVED DEFENDANTS INTERFERED; REFUSE THE PLAINTIFF MEDICAL AND MENTAL HEALTH TREATMENT, SHOWERS, DAYROOM, REC, PHONE, BECAUSE THE PLAINTIFF IS PHYSICALLY UNABLE TO WALK AND REFUSE THE PLAINTIFF TO USE A WHEELCHAIR BECAUSE HE DON'T HAVE A WHEELCHAIR PASS, THAT CONSTITUTED CRUEL AND UNUSUAL PUNISHMENT AND VIOLATION OF THE PLAINTIFF EIGHTH AMENDMENT RIGHT TO THE UNITED STATES CONSTITUTION, ALSO VIOLATION OF TITLE I, TITLE II OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. 12101.

THEY ARE SUED, EACH OF THEM IN THEIR
INDIVIDUAL AND OFFICIAL CAPACITIES
BELIEF SOUGHT

(50) THE PLAINTIFF PRAYS THIS COURT TO GRANT HIM THE FOLLOWING RELIEF:

A. ISSUE AN INJUNCTION ORDERING DEFENDANT RICKY DICKS, OR HIS AGENTS TO; IMMEDIATELY ISSUE OR PROVIDE ME WITH A WHEELCHAIR SO THE PLAINTIFF WILL BE ABLE TO RECEIVED MEDICAL; MENTAL HEALTH TREATMENT AND SO THE PLAINTIFF WILL BE ABLE TO PARTICIPATE IN THE DEPARTMENT PROGRAMS, SERVICES, ACTIVITIES, AND SO THE PLAINTIFF WILL NOT HAVE TO DRAG MYSELF ON THE CELL FLOOR, AND WILL STOP GETTING REFUSE BY THE DEFENDANTS HEREIN. (THE PLAINTIFF ASK FOR THIS COURT TO GRANT HIM THIS INJUNCTION BECAUSE WITHOUT THE COURTS INTERVENTION THE PLAINTIFF WILL CONTINUALY GET REFUSE MEDICAL, MENTAL HEALTH TREATMENT, THE DEPARTMENT PROGRAMS, SERVICES, ACTIVITIES.)

(20)

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.**

SEE PAGES 10 - to - 18
THE PLAINTIFF CONTENDS THAT THE DEFENDANTS HERE IN
NAMED ACTIONS AND INACTIONS VIOLATED TITLE I, TITLE II
OF THE AMERICAN WITH DISABILITY ACT, 42 U.S.C. 12101 et.,
seq. AND VIOLATE HIS EIGHTH AMENDMENTS RIGHTS WHICH
CONSTITUTED DELIBERATE INDIFFERENCE.

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

RELIEF SOUGHT IS COMPOSE UNPON PAGES 18-19

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

1-6-22
(Date)

_L. Davis_
(Signature of Plaintiff)

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one): ☑ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on: the __6__ day of _JANUARY_ , 20_23_ .

_L. Davis_
(Signature of Plaintiff)

Revised 03/07

8

(28)

Lvaros Davis DC# M63150
Suwannee Corrections Institution
5964 US Highway 90
Live Oak, Florida 32060

Clerk, U.S. District Court
401 S.E. First Avenue
Room 243
Gainesville, Florida 32601-6895

MAILED FROM A STATE CORRECTIONAL INSTITUTION

FOREVER / USA

FOREVER / USA