# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**LAVAROS DAVIS,**

    **Plaintiff,**

vs.                              **CASE NO.: 1:23-CV-00011-AW-MAF**

**RICKY DIXON, SEC'Y,**
**FLA. DEP'T OF CORR.,**
**et al.,**

    **Defendants.**

_____/

## O R D E R

Plaintiff, a prisoner proceeding *pro se*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 but did not pay the requisite filing fee. ECF No. 1. Instead, Plaintiff filed a motion seeking leave to proceed *in forma pauperis* (IFP). ECF No. 2, p. 1. However, for the reasons stated, Plaintiff's request is due to be denied.

Plaintiff is required to use the IFP application. This includes a completed Prisoner Consent Form and Financial Certificate signed by an authorized penal official, which confirms the average monthly deposits and balances in Plaintiff's inmate account. Also, 28 U.S.C. § 1915 requires prisoners to provide their inmate account statements "for the full six (6) month period of time" preceding the date of the filing of their case. Failure to

submit the required account statements may result in the denial of an IFP application. The authorized penal official must complete the financial certificate and sign it confirming the inmate's current account balance, the average monthly balance for the preceding six months, and the average monthly deposits for the preceding six months. It is the prisoner's responsibility to obtain the required print-out(s) from each institution at which he may have been confined during the preceding six months and provide them to the official completing this form."

First, the consent form and financial certificate is missing. Second, Plaintiff did not provide any inmate account statements. Plaintiff filed his complaint and IFP application on January 6, 2023. ECF Nos. 1, 2. Thus, the relevant six-month period is **July 6, 2022, through January 6, 2023**. Without the financial certificate and account statements covering the six-month period, the Court cannot determine Plaintiff's eligibility to proceed IFP. Denial is appropriate.

Accordingly, it is

**ORDERED:**

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is **DENIED WITHOUT PREJUDICE.**

Case 1:23-cv-00011-AW-MAF   Document 6   Filed 01/25/23   Page 3 of 3

Page 3 of 3

2.	The Clerk is directed to mail Plaintiff a copy of this Order along with the correct *in forma pauperis* application forms for use by a prisoner plaintiff.

3.	No later than **February 24, 2023**, Plaintiff shall file a proper *in forma pauperis* application, signed under the penalty of perjury, along with the completed prisoner consent form and financial certificate signed by the authorized penal official, and his inmate bank statements for the relevant six-month period preceding his initiation of this case. Alternatively, Plaintiff shall pay the $402 filing fee.

4.	No further action will be taken on this case until Plaintiff complies with this Order. Failure to comply with court orders will result in a recommendation of dismissal pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. Loc. R. 41.1.

5.	Plaintiff must keep the Court advised as to his current whereabouts. This case may be dismissed if court orders are undeliverable.

6.	The Clerk of Court shall return this case upon Plaintiff's compliance with this Order no later than **February 24, 2023**.

**DONE AND ORDERED** on January 25, 2023.

                            s/ Martin A. Fitzpatrick  
                            **MARTIN A. FITZPATRICK**  
                            **UNITED STATES MAGISTRATE JUDGE**